UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-81171- AMC

JOHN MONROQUE,

        Plaintiff,

v.

NICHOLAS LORDI, JAMESLOO CHARLES,
WEST PALM BEACH POLICE DEPARTMENT,
And CITY OF WEST PALM BEACH

        Defendants.
_____/

### DEFENDANTS, NICHOLAS LORDI AND CITY OF WEST PALM BEACH'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

Defendants, Nicholas Lordi ("Lordi") and the City of West Palm Beach ("City") by and through their undersigned counsels and pursuant to *Fed. R. Civ. P. 12(b)(6)*, respectfully request this Court to enter an order dismissing Counts IV (Battery against City), V (Intentional Infliction of Emotional Distress against Lordi), Count VI (Intentional Infliction of Emotional Distress against City), and Count VII (Gross Negligent Supervision and Retention against City) of Plaintiff's Amended Complaint, with prejudice, and in support thereof, states as follows:

    1.    This case arises out of the arrest of Plaintiff, John Monroque ("Plaintiff"), by City of West Palm Beach Police Officers Lordi and Jamesloo Charles, and Plaintiff's resistance to same, both physically and by refusing to obey lawful verbal commands.

    2.    In Count IV of his Amended Complaint, Plaintiff fails to state a claim against City for State Law Battery because Plaintiff alleges employee conduct that is willful, malicious and in bad faith. Pursuant to Florida Statute 768.28(9)(a), City is immune from liability when its employees act in such a manner. [D.E. 8 at ¶ 19-25, 27, 65].

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 2 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

3.	Counts V and VI fail to state a cause of action for Intentional Infliction of Emotional Distress.  First, Plaintiff has failed to plead ultimate facts supporting the required elements of such claim. Additionally, the City is immune because the claim requires the Plaintiff to establish that employees of City acted beyond being willful, malicious or acting in bad faith.  Pursuant to Florida Statute 768.28(9)(a), City is clearly immune from liability for such conduct.

4.	Plaintiff fails to state a cause of action in Count VII against City for Gross Negligent Supervision and Retention against City. There is no cause of action for a negligent use of force under Florida law; and, City is immune pursuant to Florida Statute 768.28(9)(a) for an unlawful use of force as alleged by Plaintiff in paragraphs 19-25 and 27 of the First Amended Complaint. [D.E. 8 at ¶ 19-25, 27].

5.	Finally, the West Palm Beach Police Department is not a legal entity capable of being sued; therefore, all claims against it should be dismissed with prejudice.

## MEMORANDUM OF LAW

**I.	LEGAL STANDARD OF REVIEW ON A MOTION TO DISMISS**

"To survive a [*Rule 12(b)(6)*] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotations and citation omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  To satisfy the plausibility standard, a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555-556, 127 S. Ct. 1955 (2007).

Although the Court must accept well-pled facts as true, the Court is not required to accept legal conclusions plead in the complaint as true.  *Id.*  Further, the Court need not accept

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 3 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

"unwarranted deductions of fact" in a complaint as true. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252-1260 (11th Cir. 2009). Thus, the complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Importantly, the Supreme Court held in *Iqbal*, as it did in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious and alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Iqbal*, 556 U.S. at 682; *Twombly*, 550 U.S. at 567-568. Ultimately, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has…not shown that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

## II.    BACKGROUND AND FACTS ALLEGED

This case involves various alleged civil rights and state law violations arising out of Plaintiff's November 1, 2019 arrest. [D.E.8 at ¶ 3].

In the Amended Complaint, Plaintiff alleges that on November 1, 2019, he was grabbed from behind by Lordi, thrown up against a police cruiser, wrestled to the ground, and punched approximately eleven times in the head area and lay bleeding on the ground. [D.E. 8 at ¶1]. Plaintiff further alleges that while Lordi used excessive force against him, fellow Officer, Jamesloo Charles failed to intervene. [D.E. 8 at ¶ 2].

The specific factual allegations relied upon by Plaintiff in his claims against Defendants Lordi and City are contained in paragraphs 16-27 of the Amended Complaint. Paragraph 16, acknowledges that the Officers responded to the scene because they were called to a trespass, but omits information about the identity of the trespasser who refused to leave the premises at the request of the owner or manager. Paragraph 17 acknowledges that the officers made contact with Plaintiff and that Plaintiff walked away, but it does not include information concerning whether

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

Plaintiff was instructed that he was not free to leave. There are no details pled about conversations between Plaintiff and the Officers. Paragraph 19 states that Lordi approached Plaintiff from behind and grabbed him, but it does not include details about whether Plaintiff was told not to leave or whether it appeared to Lordi that Plaintiff posed a threat to the patron who was leaving the business. Paragraph 20 alleges that Plaintiff was wrestled to the ground, which suggests that Plaintiff actively resisted arrest. Essentially, Plaintiff alleges an excessive force claim, but fails to allege sufficient facts necessary to establish the elements of a claim for intentional infliction of emotional distress.

### III.  THE WEST PALM BEACH POLICE DEPARTMENT IS NOT A LEGAL ENTITY CAPABLE OF BEING SUED

Plaintiff's Complaint names the West Palm Beach Police Department as a defendant in this lawsuit; however, the West Palm Beach Police Department is not a legal entity capable of being sued. Pursuant to Florida law, municipalities have the power to sue and be sued. *Florida City Police Department v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995). However, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *Id.*; *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132-1133 (S.D. Fla. 1990); *Ball v. City of Coral Gables*, 548 F. Supp. 2d 1364, 1369-1370 (S.D. Fla. 2008). Consequently, a police department wholly lacks the capacity to sue or be sued. *Masson v. Miami-Dade County*, 738 So.2d 431, 432 (Fla. 3d DCA 1999); See also, *Mann v. Hillsborough Cnty. Sheriff's Office*, 946 F. Supp. 962, 970 (M.D. Fla. 1996)("Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party"). Thus, in the case *sub judice*, it is improper for the West Palm Beach Police Department to be named as a defendant as it is not an entity which has the capacity to be sued and, as a result, Plaintiff's First

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

Amended Complaint should be dismissed with prejudice as to Counts IV, VI, and VII against the West Palm Beach Police Department.

**IV.   COUNT IV BATTERY CLAIM MUST BE DISMISSED IN FAVOR OF CITY BECAUSE PLAINTIFF ALLEGES CONDUCT THAT WAS WILLFUL, MALICIOUS OR IN BAD FAITH**

Plaintiff's First Amended Complaint asserts numerous allegations against City based upon the actions of its employee, Officer Nicholas Lordi.  More specifically, at Paragraph 16 of the First Amended Complaint, Plaintiff alleges that City's officers were on duty with the Police Department when they responded to an alleged trespass at the location of the subject incident; however, the subsequent allegations set forth in paragraphs 19-25 and 27 assert malicious, bad faith, and criminal acts of Officer Lordi which fall outside the course and scope of his employment as a City of West Palm Beach police officer.  These allegations are re-alleged and restated in Count IV against the City.  Likewise, at paragraph 65 of Count IV, plaintiff alleges that "[t]he above-mentioned conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Plaintiff." [DE 8 at ¶ 65].  This allegation alone insulates the City from liability for Officer Lordi's actions.

Pursuant to Section 768.28, Florida Statutes, "immunity is only waived for liability for torts caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment." *Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So.2d 459, 473 (Fla. 2005)(citing §768.28(1), Fla. Stat.).  More specifically, Section 768.28(9)(a) states:

> No officer, employee or agent of the state or any of its subdivisions shall be personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, **unless such officer, employee or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property**.  However, such

5

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 6 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

officer, employee or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

768.28(9)(a), Fla. Stat. (emphasis added).

It is clear that the allegations of paragraphs 19-25, 27 and 65 meet the requirement of being willful, malicious or in bad faith. Therefore, pursuant to Section 768.28, Fla. Stat., City cannot be held liable to Plaintiff for the claim of battery in Count IV as this claim is based upon actions of Officer Lordi which falls outside the course and scope of him employment. Consequently, sovereign immunity shields the municipality from suit and Count IV should be dismissed with prejudice.

**V.    COUNTS V AND VI MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LORDI AND CITY**

In Counts V and VI of the First Amended Complaint, Plaintiff has attempted to state a claim for state law Intentional Infliction of Emotional Distress against Lordi (Count V) and City (Count VI) based on the theory that Lordi used excessive force to arrest him. It is important to note that Plaintiff is not alleging that he was falsely arrested.

To state a cause of action for Intentional Infliction of Emotional Distress under Florida law, a plaintiff must allege that: (1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 7 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1332. (S.D. Fla 2018). Moreover, "whether conduct is sufficiently outrageous to state a claim for Intentional Infliction of Emotional Distress is a question of law for the Court to decide. *Id.* Further, Courts uphold claims of Intentional Infliction of Emotional Distress only in extremely rare circumstances. *Id.* Plaintiff's Amended Complaint does not allege ultimate facts depicting outrageous conduct, nor does it allege ultimate facts establishing that Plaintiff suffered severe emotional distress as a result of any alleged outrageous conduct. Therefore, Counts V and VI should be dismissed with prejudice.

Additionally, Count VI should be dismissed against City because the doctrine of sovereign immunity shields the City of West Palm Beach from liability for intentional infliction of emotional distress, an intentional tort. See generally, *Lopez v. City of W Miami*, 2015 WL 12978168, at *2 (S.D. Fla. 2015); *R.W. v. Charter Sch. USA, Inc.*, 2019 WL 13216131, at *4 (S.D. Fla. 2019). "[T]he courts of this state have recognized that a cause of action for intentional infliction of severe mental or emotional distress essentially involves the deliberate or reckless infliction of mental suffering on another." *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993). Consequently, "Fla. Stat. § 768.28(9)(a)—which provides that the State and its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent ... committed ... in a manner exhibiting wanton and willful disregard of human rights, safety, or property—bars claims for intentional infliction of emotional distress . . ." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1330 (11th Cir. 2015); *See also, Williams v. City of Minneola,* 619 So.2d 983, 986 (Fla. 5th DCA 1993) (compiling Florida cases that use "reckless conduct" and "willful and wanton

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 8 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

conduct" interchangeably and holding that the reckless conduct element of an intentional infliction of emotional distress claim "would at least constitute willful and wanton conduct" under § 768.28(9)(a); *R.W. v. Charter Schools USA, Inc.*, 2019 WL 13216131, at *4 (S.D. Fla. 2019)("A claim for outrageous infliction of emotional distress by reckless conduct constitutes willful and wanton conduct under section 768.28(9)). Here, Officer Lordi's alleged conduct, which is characterized by the Plaintiff as being "deliberate, intentional and reckless", "beyond all bounds of decency" and "utterly intolerable in a civilized community" is obviously outside the course and scope of his employment as a police officer and is clearly not the type of conduct contemplated by the legislature's limited waiver of sovereign immunity set forth in section 768.28(9). [DE 8 at ¶ 77-78].

For the reasons set forth above, Plaintiff's state law Intentional Infliction of Emotional Distress claims against Lordi and City should be dismissed with prejudice.

## VI.   COUNT VII FAILS TO STATE A CAUSE OF ACTION FOR GROSS NEGLIGENT SUPERVISION AND RETENTION

Plaintiff attempts to make a claim for gross negligent supervision and retention against the City in Count VII and alleges, *inter alia*, the following:

85. Prior to Defendant Lordi's unjustified attack of Plaintiff, the Police Department and the City received actual notice of Lordi's dangerous and incompetent propensities from numerous use-of-force investigations and citizen complaints, especially regarding Lordi's tendency to commit unjustified violence and use of excessive force on civilians.

86. Despite having notice of Lordi's dangerousness and being able to foresee the at Lordi would continue to batter and use excessive force on civilians, both the Police Department and the City acted negligently by failing to take any action to prevent Lordi from harming civilians such as Plaintiff.

87. This failure to act was grossly negligent and so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safely, or rights of persons exposed to Lordi's past and future conduct, including Plaintiff.

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 9 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

However, the Legislature's narrowly tailored waiver of sovereign immunity prevents Plaintiff from asserting a claim of negligent supervision and retention against the City. As set forth above, sovereign immunity "is only waived for liability for torts caused by the *negligent* or *wrongful* act or omission of any employee of the agency or subdivision *while acting within the scope of the employee's office or employment*." *Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So.2d 459, 473 (Fla. 2005)(citing §768.28(1), Fla. Stat.). The alleged conduct relied upon in support of Plaintiff's negligent supervision and retention claim against the City in Count VII clearly falls outside the course and scope of Officer Lordi's employment as it was malicious, done in bad faith and in a manner exhibiting wanton and willful disregard of human rights, safety. Consequently, it does not fall within the explicit waiver of sovereign immunity set forth in §768.28, Fla. Stat. and the City is insulated from liability for these claims.

Furthermore, this Court has held that a governmental entity "cannot be liable for failure to train and supervise because training and supervision are discretionary functions for which governmental liability does not attach." *Whitaker v. Miami-Dade Cnty.*, 126 F. Supp. 3d 1313, 1330 (S.D. Fla. 2015); *Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1331 (S.D. Fla. 2018)("The County enjoys sovereign immunity for its decisions regarding implementation of training and supervisory policies."); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1118-19 (11th Cir. 2005) (holding failure to train and failure to supervise claims were barred by the doctrine of sovereign immunity)(citing *Kaisner v. Kolb,* 543 So.2d 732 (Fla. 1989) and *Henderson v. Bowden*, 737 So.2d 532, 537 (Fla. 1999)). Thus, although the State of Florida has waived sovereign immunity in tort actions to a certain extent, *see* Fla. Stat. § 768.28, Florida's sovereign-immunity waiver does not apply when the challenged acts are "discretionary" rather than "operational." *Id.*; *Kaisner,* 543 So.2d at 737.

Case 9:23-cv-81171-AMC   Document 21   Entered on FLSD Docket 10/30/2023   Page 10 of 11

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

In *Casado v. Miami-Dade Cnty*, 340 F. Supp. 3d 1320 (Fla. S.D. 2018), the Southern District Court of Florida held that a plaintiff's gross negligent training and supervision claim could not state a cause of action because Florida courts have continuously held that it is not possible to have a cause of action for negligent use of excessive force because there is no such thing as the negligent commission of an intentional tort. *Casado*, 340 F. Supp. 3d at 1331.  The Court in *Casado* also held that failure to train and supervise claims are also barred by the doctrine of sovereign immunity. *Id.* The Court reasoned that "[t]o find otherwise would amount to judicial intervention, by way of tort law, into the fundamental decisions making of the legislative and executive branches- a practice against which the Florida Courts have repeatedly cautioned." *Id*. Finally, the Court in *Casado* held that Section 768.28(9)(a) also barred a gross negligence count which alleged a county acted with "wanton disregard for proper training and supervision" (the Court also included "acted with deliberate indifference and without regard to Plaintiff's rights and welfare"). *Id*. The language in *Casado* is almost identical to the language in paragraph 87 of Count VII of the First Amended Complaint.  Consequently, Plaintiff's claims of negligent supervision and retention in Count VII should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants, Nicholas Lordi and the City of West Palm Beach, respectfully request this Honorable Court to enter an order dismissing Plaintiff's First Amended Complaint with Prejudice.

Monroque v. Lordi, et al.
9:23-cv-81171-AMC
Defendants' Lordi and City's Motion to Dismiss First Amended Complaint

Respectfully Submitted,

/s/ Don Stephens
DON STEPHENS, ESQ.
FBN: 604208
Olds & Stephens, P.A.
312 11th Street
West Palm Beach, FL 33401
TEL: (561)832-6814
FAX:(561)832-4766
E-SERVICE: dstephens@oslegal.com
Counsel for Defendant Lordi

/s/ Victoria L. Olds
VICTORIA L. OLDS, ESQ.
FBN: 0072275
Office of the City Attorney
City of West Palm Beach
401 Clematis St., 5th Fl. (33401)
P.O. Box 336
West Palm Beach, FL 33402
TEL: (561)822-1586
FAX: (561)822-1373
E-SERVICE: volds@wpb.org; etenore@wpb.org
Counsel for Defendant City of West Palm Beach

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy hereof has been furnished by CM/ECF e-service to all parties on the attached Counsel List this 30th day of October, 2023.

City of West Palm Beach
Office of the City Attorney
401 Clematis St., 5th Floor (33401)
P.O. Box 3366
West Palm Beach, FL 33402
TEL: (561)822-1586
FAX: (561)822-1373
E-SERVICE: volds@wpb.org; etenore@wpb.org
Counsel for Defendant City of West Palm Beach

/s/ Victoria L. Olds
VICTORIA L. OLDS, ESQ.
FBN: 0072275